# EXHIBIT 2

## MNA Answer to Plaintiff's Complaint

# EXHIBIT 2

Electronically Filed
10/25/2021 4:06 PM
Steven D. Grierson
CLERK OF THE COURT

**ANS**
Howard J. Russell, Esq.
Nevada Bar No. 8879
*hrussell@wwhgd.com*
Ryan T. Gormley, Esq.
Nevada Bar No. 13494
*rgormley@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
  GUNN & DIAL, LLC
6385 South Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile:  (702) 938-3864

Justin M. Marvisi, Esq.
*Pro Hac Vice Pending*
*jmarvisi@yukelaw.com*
Cristina M. Ciminelli, Esq.
*Pro Hac Vice Pending*
*cciminelli@yukelaw.com*
YUKEVICH | CAVANAUGH
355 S. Grand Avenue, 15th Floor
Los Angeles, California 90071-1560
Telephone: (213) 362-7777
Facsimile: (213) 362-7788

*Attorneys for Defendant Michelin North America, Inc.*

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| HEVER UMANA,<br><br>                   Plaintiff,<br><br>     vs.<br><br>MICHELIN NORTH AMERICA, INC., a foreign corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>                   Defendant. | Case No.:   A-21-841817-C<br>Dept. No.:   XXVIII<br><br>**DEFENDANT MICHELIN NORTH AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

**MICHELIN NORTH AMERICA, INC. ("MNA")**, for itself alone and for no other defendant, submits its Answer and Affirmative Defenses to Plaintiff's Complaint. Unless specifically admitted, all factual allegations are specifically denied. Subject to the defenses listed after MNA's responses to the individually numbered paragraphs, MNA responds to the

individually numbered paragraphs of the Complaint as follows:

**COMPLAINT**

1. MNA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint, and therefore denies the same. MNA explicitly reserves its rights under Nevada Rule of Civil Procedure 12(b) and (h).

2. MNA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint, and therefore denies the same.

3. MNA admits that it is a New York Corporation and that it transacts business in the State of Nevada. MNA further admits that its principal place of business is in South Carolina, with its physical corporate address as One Parkway South, Greenville, South Carolina. MNA specifically denies the remaining allegations set forth in Paragraph 3.

4. MNA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint, and therefore denies the same.

5. MNA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint, and therefore denies the same.

6. MNA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint, and therefore denies the same.

7. MNA admits that it designs, manufactures, and engages in marketing of tires. MNA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 7 of the Complaint, and therefore denies the same.

8. MNA admits that designs, manufactures, and distributed X Tour A/S tires. MNA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 8 of the Complaint, and therefore denies the same.

9. MNA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint, and therefore denies the same.

10. MNA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, and therefore denies the same.

/ / /

1  11.  MNA denies that any Michelin product was defective, unreasonably dangerous, or a cause of plaintiff's alleged damages, or that MNA's "acts and/or omissions" caused the tire to "pop/separate." MNA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint, and therefore denies the same.

12.  MNA denies the allegations set forth in Paragraph 12 of the Complaint.

13.  MNA denies the allegations set forth in Paragraph 13 of the Complaint.

## FIRST CAUSE OF ACTION

**Strict Product Liability, Defective Design, Manufacturer and/or Failure to Warn**

14.  MNA incorporates by reference its responses to paragraphs 1 through 13 above as though fully set forth herein verbatim.

15.  MNA admits it designs, manufactures, and engages in marketing of tires. MNA denies the remaining allegations set forth in Paragraph 15 of the Complaint as they pertain to MNA.

16.  MNA admits that it designs and manufactures tires. MNA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 16 of the Complaint, and therefore denies the same.

17.  MNA admits that it designs and manufactures tires. MNA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 17 of the Complaint, and therefore denies the same.

18.  MNA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint, and therefore denies the same.

19.  MNA denies the allegations set forth in Paragraph 19 of the Complaint.

20.  MNA denies the allegations set forth in Paragraph 20 of the Complaint.

21.  MNA denies the allegations set forth in Paragraph 21 of the Complaint.

22.  MNA denies the allegations set forth in Paragraph 22 of the Complaint.

23.  MNA denies the allegations set forth in paragraph 23 of the Complaint, and further denies there were "dangerous propensities and defective conditions of the tire".

/ / /

24. MNA denies the allegations set forth in Paragraph 24 of the Complaint.

25. MNA denies the allegations set forth in Paragraph 25 of the Complaint.

26. MNA denies the allegations set forth in Paragraph 26 of the Complaint.

## SECOND CAUSE OF ACTION

### Negligence

27. MNA incorporates by reference its responses to paragraph 1 through 26 above as through fully set forth herein verbatim.

28. MNA denies the allegations set forth in Paragraph 28 of the Complaint.

29. MNA denies the allegations set forth in Paragraph 29 of the Complaint.

30. MNA denies the allegations set forth in Paragraph 30 of the Complaint.

31. MNA denies the allegations set forth in paragraph 31 of the Complaint.

32. MNA denies the allegations set forth in paragraph 32 of the Complaint.

33. MNA denies the allegations set forth in Paragraph 33 of the Complaint.

## THIRD CAUSE OF ACTION

### Breach of Implied Warranty of Fitness for a Particular Purpose

34. MNA incorporates by reference its responses to paragraph 1 through 33 above as through fully set forth herein verbatim.

35. MNA admits that it designs and manufactures tires for use by consumers.

36. MNA admits that it designs and manufactures tires. MNA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 36 of the Complaint, and therefore denies the same.

37. MNA denies the allegations set forth in Paragraph 37 of the Complaint.

38. Paragraph 38 sets forth legal conclusions to which no response is required. To the extent a response is deemed required, MNA denies the allegations and further denies that it was negligent, that any Michelin product was defective or unreasonably dangerous, and that any Michelin conduct or product was a cause of plaintiff's alleged damages.

39. MNA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint, and therefore denies the same.

40. Paragraph 40 sets forth legal conclusions to which no response is required. To the extent a response is deemed required, MNA denies all allegations and further denies that it was negligent, that any Michelin product was defective or unreasonably dangerous, and that any Michelin conduct or product was a cause of plaintiff's alleged damages.

41. MNA denies the allegations set forth in Paragraph 41 of the Complaint.

## FOURTH CAUSE OF ACTION

### Damages

42. MNA incorporates by reference its responses to paragraph 1 through 41 above as through fully set forth herein verbatim. MNA submits that "Damages" is not a proper cause of action under Nevada law and this Cause of Action should be stricken accordingly pursuant to NRCP 12(f).

43. MNA denies that it was negligent, that any Michelin product was defective or unreasonably dangerous, and that any Michelin conduct or product was a cause of plaintiff's alleged damages. MNA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 43 of the Complaint, and therefore denies the same.

44. MNA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint, and therefore denies the same.

45. MNA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint, and therefore denies the same.

46. MNA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint, and therefore denies the same.

47. MNA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint, and therefore denies the same.

48. MNA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint, and therefore denies the same. MNA denies that any damages to be awarded at trial would be the result of any liability on the part of MNA.

**FIFTH CAUSE OF ACTION**

**Punitive Damages**

49. MNA incorporates by reference its responses to paragraph 1 through 48 above as through fully set forth herein verbatim. MNA submits that "Punitive Damages" is not a proper cause of action under Nevada law and this Cause of Action should be stricken accordingly pursuant to NRCP 12(f).

50. MNA denies the allegations set forth in Paragraph 50 of the Complaint.

51. MNA denies the allegations set forth in Paragraph 51 of the Complaint.

**PRAYER FOR RELIEF**

To the extent that Plaintiff's Prayer for Relief and the "WHEREFORE" statement require a response, MNA denies that Plaintiff is entitled to the relief requested therein.

To the extent that MNA has not responded to any of the allegations of the Complaint, those allegations are denied.

**AFFIRMATIVE DEFENSES**

**AS A FIRST SEPARATE AFFIRMATIVE DEFENSE**

MNA alleges that the Complaint, in whole or in part, fails to state a claim upon which relief can be granted against this answering Defendant.

**AS A SECOND SEPARATE AFFIRMATIVE DEFENSE**

MNA alleges that Plaintiff's injuries and damages, if any, were caused or contributed to by the negligence or fault of Plaintiff, and that Plaintiff's recovery, if any, should therefore be diminished or barred in accordance with law.

**AS A THIRD SEPARATE AFFIRMATIVE DEFENSE**

MNA alleges that Plaintiff's injuries and damages, if any, were caused or contributed to by the negligence or fault of other individuals, firms, corporations, or entities over whom MNA has or had no control or right of control, and for whom it is not responsible, and that Plaintiff's recovery, if any, should therefore be diminished or barred in accordance with law.

///

///

**AS A FOURTH SEPARATE AFFIRMATIVE DEFENSE**

MNA alleges that any recovery or settlement that Plaintiff may have obtained from other individuals, firms, corporations, or entities over whom MNA has or had no control or right of control must reduce or bar altogether any recovery or judgment which Plaintiff might obtain from MNA.

**AS A FIFTH SEPARATE AFFIRMATIVE DEFENSE**

MNA alleges that Plaintiff's claims are barred by any release and/or releases executed by Plaintiff and individuals, firms, corporations, or entities other than MNA.

**AS A SIXTH SEPARATE AFFIRMATIVE DEFENSE**

MNA alleges that Plaintiff assumed the risk of the accident and/or any injuries associated with the accident, if any.

**AS A SEVENTH SEPARATE AFFIRMATIVE DEFENSE**

MNA alleges that Plaintiff failed to mitigate their damages, if any.

**AS AN EIGHTH SEPARATE AFFIRMATIVE DEFENSE**

MNA alleges that Plaintiff's injuries and damages, if any, were caused by alteration and/or modification of the product or products involved in the subject accident.

**AS A NINTH SEPARATE AFFIRMATIVE DEFENSE**

MNA alleges that Plaintiff engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, negligence, act, omission, or any other conduct, if any, as set forth in the Complaint.

**AS A TENTH SEPARATE AFFIRMATIVE DEFENSE**

MNA alleges that the injuries and damages of which Plaintiff complain were proximately caused by or contributed to by the acts of other parties, persons, or entities, and that these acts were an intervening and superseding cause of the damages, if any, of which Plaintiff complains, thus barring Plaintiff from any recovery against MNA.

///

///

///

**AS AN ELEVENTH SEPARATE AFFIRMATIVE DEFENSE**

MNA alleges that Plaintiff's damages, if any, were caused or contributed to by the misuse or abuse of and/or the failure to properly maintain and/or repair the product or products involved in the subject accident.

**AS A TWELFTH SEPARATE AFFIRMATIVE DEFENSE**

MNA alleges that the product or products involved in the subject accident conformed to the state of the art at the time of sale, and was designed, manufactured, and tested pursuant to generally recognized and prevailing standards and in conformance with the statutes, regulations, and requirements that governed the product at the time of design, manufacture and sale.

**AS A THIRTEENTH SEPARATE AFFIRMATIVE DEFENSE**

MNA alleges that Plaintiff's claims and/or causes of action are barred, in whole or in part, by the doctrine of preemption.

**AS A FOURTEENTH SEPARATE AFFIRMATIVE DEFENSE**

MNA alleges that Plaintiff's claims and/or causes of action are barred, in whole or in part by waiver, estoppel, and/or laches.

**AS A FIFTEENTH SEPARATE AFFIRMATIVE DEFENSE**

MNA alleges that Plaintiff's claims and/or causes of action are barred, in whole or in part, by the expiration of the applicable statutes of limitation, and/or repose, including, but not limited, to NRS 11.190 and *Commercial Code* § 2725.

**AS A SIXTEENTH SEPARATE AFFIRMATIVE DEFENSE**

MNA alleges that Plaintiff has failed to join a party or parties necessary and indispensable to this action.

**AS A SEVENTEENTH SEPARATE AFFIRMATIVE DEFENSE**

MNA alleges that Plaintiff, and/or those individuals or entities acting on Plaintiff's behalf, had a duty to preserve the subject vehicle and vehicle components, including tires, in their immediate post-accident appearance, condition and function. Any alteration of the vehicle and/or components, including tires, may have been caused by a breach of that duty by Plaintiff and/or those acting on Plaintiff's behalf. If so, alteration or destruction of evidence mandates

1 dismissal of the Complaint or, alternatively, preclusion of any evidence relating the subject
2 vehicle and vehicle components, including tires, at the trial of this action.

### AS AN EIGHTEENTH SEPARATE AFFIRMATIVE DEFENSE

MNA alleges that Plaintiff's injuries and damages, if any, were caused or contributed to by Plaintiff's failure to comply with the written and oral instructions relating to use and maintenance of the subject vehicle and components, and that Plaintiff's recovery, if any, should therefore be diminished or barred in accordance with law.

### AS A NINETEENTH SEPARATE AFFIRMATIVE DEFENSE

MNA alleges that Plaintiff's claims and/or causes of action, in whole or in part, are barred by the sophisticated user doctrine, open and obvious risk or danger doctrine, and/or comparable doctrines or laws.

### AS A TWENTIETH SEPARATE AFFIRMATIVE DEFENSE

MNA alleges that some or all of Plaintiff's claims and/or causes of action, some or all of MNA's defenses, and/or some or all other issues relevant to liability, causation, and/or damages, are governed by the law(s) of a State or States other than Nevada.

### AS A TWENTY-FIRST SEPARATE AFFIRMATIVE DEFENSE

MNA alleges that the Court lacks jurisdiction over the subject matter of the action.

### AS A TWENTY-SECOND SEPARATE AFFIRMATIVE DEFENSE

MNA alleges that the Court lacks personal jurisdiction over MNA.

### AS A TWENTY-THIRD SEPARATE AFFIRMATIVE DEFENSE

MNA alleges that Plaintiff's claims and/or causes of action, in whole or in part, are barred by an intervening and/or superseding cause or causes.

### AS A TWENTY-FOURTH SEPARATE AFFIRMATIVE DEFENSE

MNA denies any conduct for which punitive or exemplary damages could or should be awarded and denies that Plaintiff has produced evidence sufficient to support or sustain the imposition of punitive damages against MNA pursuant to the applicable standard(s) of proof.

27 / / /
28 / / /

**AS A TWENTY-FIFTH SEPARATE AFFIRMATIVE DEFENSE**

Permitting recovery of punitive or exemplary damages in this case would be unconstitutionally vague and/or overbroad and would violate MNA's constitutional rights as secured by the Fifth and Seventh Amendments to the United States Constitution, would violate its rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution and the prohibition against excessive fines in the United States Constitution, and would contravene other provisions of the United States and Nevada Constitutions and any other applicable state constitution.

**AS A TWENTY-SIXTH SEPARATE AFFIRMATIVE DEFENSE**

Plaintiff cannot recover punitive or exemplary damages against MNA because such an award, which is penal in nature, would violate MNA's constitutional rights under the United States Constitution and any applicable state constitution, unless MNA is afforded the same procedural safeguards as are criminal defendants including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of incriminating documents and the right to the requirement of a level of proof beyond a reasonable doubt.

**AS A TWENTY-SEVENTH SEPARATE AFFIRMATIVE DEFENSE**

Any imposition of punitive or exemplary damages in this case against MNA would contravene the Commerce Clause of the United States Constitution, in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

**AS A TWENTY-EIGHTH SEPARATE AFFIRMATIVE DEFENSE**

With respect to Plaintiff's demand for punitive or exemplary damages, MNA specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive or exemplary damages awards under Nevada law or other applicable state law.

**AS A TWENTY-NINTH SEPARATE AFFIRMATIVE DEFENSE**

Any award of punitive or exemplary damages against MNA is barred to the extent that it is inconsistent with the standards and limitations set forth by the United States Supreme Court.

/ / /

**AS A THIRTIETH SEPARATE AFFIRMATIVE DEFENSE**

No act or omission of MNA caused or contributed to Plaintiff's alleged injuries or damages. Further, no act or omission of MNA was fraudulent, oppressive, or malicious. No act or omission of MNA was with actual malice, or willful, wanton, or reckless disregard for the safety of others, or an evil mind. Therefore, Plaintiff's Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages. Plaintiff's Complaint seeks damages in excess of those permitted by law. MNA asserts any statutory or judicial protection from punitive or exemplary damages that is available under the applicable law, and any award of punitive or exemplary damages is barred.

**RESERVATION OF DEFENSES**

MNA alleges that it may have additional defenses or claims available to it of which it is not now aware. MNA reserves the right pursuant to NRCP 11 and 12 to assert additional defenses or cross-claims, counterclaims, or third-party claims as may be revealed to be appropriate through discovery or otherwise in the course of this litigation.

WHEREFORE, Defendant MNA demands judgment against Plaintiff, dismissing all claims of the Complaint with prejudice, and awarding MNA all relief to which it is entitled by law, including reimbursement of all costs incurred in defending this matter, and such other and further relief as this Court deems just and proper.

Dated this 25th day of October, 2021.

WEINBERG, WHEELER, HUDGINS,
 GUNN & DIAL, LLC

*/s/ Howard J. Russell*
Howard J. Russell, Esq.
Ryan T. Gormley, Esq.
WEINBERG, WHEELER, HUDGINS,
 GUNN & DIAL, LLC
6385 South Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864

1
2
3
4

Justin M. Marvisi, Esq.
Cristina M. Ciminelli, Esq.
YUKEVICH | CAVANAUGH
355 S. Grand Avenue, 15th Floor
Los Angeles, California 90071-1560
Telephone: (213) 362-7777
Facsimile: (213) 362-7788

5

*Attorneys for Defendant Michelin North America, Inc.*

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



# CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of October, 2021, a true and correct copy of the foregoing **DEFENDANT MICHELIN NORTH AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** was electronically filed/served on counsel through the Court's electronic service system pursuant to Administrative Order 14-2 and N.E.F.C.R. 9, via the electronic mail addresses noted below, unless service by another method is stated or noted:

M. Erik Ahlander, Esq.
Ahlander Injury Law
9183 W. Flamingo Rd., Suite 110
Las Vegas, NV  89147
Phone (702) 996-7400
erik@ahlanderinjurylaw.com
*Attorneys for Plaintiff*

　　　　　　　　　　　　　　　　　　*/s/ Cynthia S. Bowman*
　　　　　　　　　　　　　　　　　An employee of WEINBERG, WHEELER, HUDGINS
　　　　　　　　　　　　　　　　　　　　　　GUNN & DIAL, LLC